**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRANEVEYOR CORP., a California
corporation,

          Plaintiff-Appellant,

 and

INLAND REAL ESTATE GROUP, LLC; et
al.,

          Plaintiffs,

  v.

CITY OF RANCHO CUCAMONGA,

          Defendant-Appellee,

 and

DOES, 1-10, inclusive,

          Defendant.

No.   22-55435

D.C. No.
5:21-cv-01656-SB-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted April 13, 2023
Pasadena, California

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MILLER and MENDOZA, Circuit Judges, and MOSKOWITZ,[**] District Judge.

CraneVeyor Corporation appeals from the district court's order dismissing its complaint against the City of Rancho Cucamonga for failure to state a claim. The complaint asserts a facial takings challenge under 42 U.S.C. § 1983 to a city zoning plan that allegedly restricts development on two parcels of land owned by CraneVeyor. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We accept the factual allegations in the complaint as true and review the dismissal of the complaint de novo. *Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 935 (9th Cir. 2022). A facial takings challenge asserts that "the mere enactment of a statute constitutes a taking." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 494 (1987)).

1. The city has filed a motion for judicial notice (Dkt. No. 18) of a county map showing the location of CraneVeyor's first parcel. We may take judicial notice of a fact only if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). But the county, which produced the map, disclaims its accuracy. Because the map is subject to reasonable dispute, and because we "rarely take judicial

---

[**] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

2

notice of facts presented for the first time on appeal," we deny the motion. *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).

2. CraneVeyor asserts that the city's plan effected a facial taking of its first parcel under *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992). Under *Lucas*, a regulation effects a taking when it "deprives land of all economically beneficial use." *Id.* at 1027. CraneVeyor alleges that its first parcel is in a fault zone. But CraneVeyor acknowledges that the plan, on its face, does not prohibit all development in fault zones. Thus, CraneVeyor has not stated a claim for a facial *Lucas* taking.

3. CraneVeyor also asserts that the plan effected a facial taking of both its parcels under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978). We "assume, without deciding, that a facial challenge can be made under *Penn Central*." *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (en banc). The *Penn Central* analysis considers three factors: (1) the "economic impact of the regulation" on the property owner, (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) the "character of the governmental action." *Penn Cent.*, 438 U.S. at 124. Those factors do not support CraneVeyor's claim.

First, the economic impact is insufficient. Valuable uses remain on CraneVeyor's land. According to the city, CraneVeyor could build up to two

residential units on its first parcel. And the plan permits livestock and poultry keeping on the second parcel. *See MacLeod v. Santa Clara Cnty.*, 749 F.2d 541, 547 (9th Cir. 1984) (rejecting a *Penn Central* claim when the landowner "was free to continue to raise cattle or to lease out the property for grazing lands").

Second, the regulation does not interfere with distinct investment-backed expectations. CraneVeyor maintains that it expected to use its land for residential development. But a property owner "cannot reasonably expect that property to be free of government regulation such as zoning." *Rancho de Calistoga v. City of Calistoga*, 800 F.3d 1083, 1091 (9th Cir. 2015). And CraneVeyor "pursued [its] alleged expectation . . . with something less than speed or vigor." *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1230 (9th Cir. 1998). The company took no steps to pursue development in the seven years that it owned the parcels before the city adopted the plan.

Third, the character of the city's plan is an "interference aris[ing] from some public program adjusting the benefits and burdens of economic life to promote the common good," not "a physical invasion by government." *Penn Cent.*, 438 U.S. at 124. "Zoning laws are, of course, the classic example" of permissible regulation. *Id.* at 125. CraneVeyor objects that the city failed to provide statutorily required notice of a hearing about the plan. *See* Cal. Gov't Code §§ 65854, 65091. But the failure to notify an affected property owner does not prevent the plan from

4

promoting the common good. The city adopted the plan after several years of consultations with agencies and public meetings with residents. Even if the plan did not strike the optimal balance between property rights and conservation interests, "the imbalanced distribution of the benefits and burdens resulting from such an ordinance did not mean that the law effected a taking." *MacLeod*, 749 F.2d at 546. The district court correctly rejected the *Penn Central* claim.

**AFFIRMED.**